**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AMINA FARAH and ZOHRA WALIZAD, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  05-2150-MLB |
| ) | |
| SEARS, ROEBUCK AND COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss for plaintiffs' failure to obey court orders and failure to prosecute. (Doc. 29).  A hearing was held on April 17.  The matter has been fully briefed and is ripe for decision.  (Docs. 29, 30, 31).  Defendant's motion to dismiss is granted, for reasons herein, subject to conditions.

**I.   PROCEDURAL HISTORY**

The complaint in this case was filed on April 19, 2005.  (Doc. 1).  On November 9, 2005, Magistrate Judge Gerald Rushfelt held a scheduling conference and the discovery deadline was set for March 3, 2006.  (Doc. 13).  The parties were also required to exchange Fed. R. Civ. P. 26(a)(1) disclosures by November 10.  Plaintiffs did not do so.  On December 21, defendant filed a motion to compel plaintiffs to produce the disclosures and respond to initial interrogatories. (Docs. 22, 23).  On February 3, 2006, the court granted defendant's motion and ordered plaintiffs to submit the documents in ten days. (Docs. 26, 27).  The court also ordered plaintiffs to show cause why they should not be ordered to pay defendant's expenses.  Plaintiffs

did not respond to the show cause order and did not submit their disclosures.

On February 23, defendant filed its motion to dismiss. Plaintiffs' response to defendant's motion was untimely. Plaintiffs' counsel informed the court that the delay was due to staffing problems and assured the court that all discovery would be responded to by March 28. Counsel also stated that he "has arranged to associate with another attorney who will be entering to assist with this matter and prevent an [sic] recurrance [sic]." (Doc. 30). On March 28, plaintiffs filed a certificate of service indicating that the discovery had been sent by certified mail on March 27. (Doc. 32). Plaintiffs, however, did not send the discovery on March 27. Counsel's excuse was that the discovery responses had been misfiled. Defendant received the discovery by email on the evening of April 16, but it was incomplete. No additional counsel has entered her appearance.

## II.  ANALYSIS

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). This discretion includes dismissal for discovery violations. Archibeque v. Atchison, Topeka & Santa Fe Ry. Co., 70 F.3d 1172, 1174 (10th Cir. 1995); Fed. R. Civ. P. 37(b)(2)(C). In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's

culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective. Gripe v. City of Enid, 312 F.3d at 1188 (10th Cir. 2002)(citing Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)).

### A. Prejudice to Defendant

The court finds that defendant has suffered prejudice as a result of plaintiffs' actions. In the year that this case has been on this court's docket, plaintiffs have done little, if anything, in prosecuting the case. Defendant's attempts at obtaining written discovery responses and initial disclosures from plaintiffs have failed. Discovery in this case was scheduled to conclude by March 3, 2006. At that time, the only discovery that had been conducted was by defendant.

Moreover, plaintiffs failed to provide the initial disclosures and compelled responses to defendant until the evening before the hearing on the motion to dismiss, more than a month after discovery was to have concluded in this case. Plaintiffs have effectively prohibited defendant from preparing its case for trial, since defendant has no knowledge of plaintiffs' case, witnesses or exhibits. Moreover, defendant has expended great effort in contacting plaintiff about discovery matters – even after the court granted defendant's motion to compel. The court finds the degree of prejudice to defendant is substantial.

### B. Interference with the Judicial Process

Plaintiffs' interference with the judicial process has been significant. Plaintiffs were issued two orders to show cause by this

court, to which plaintiffs failed to respond without explanation. Additionally, even when the order to compel discovery was entered against plaintiffs, plaintiffs still failed to observe the order and provide the discovery. Plaintiffs' interference with the judicial process has left this case in a posture where it cannot proceed without a completely new scheduling order that allowed for additional time to conduct discovery. Plaintiffs' willful noncompliance with the court's orders has significantly interfered with the judicial process. Ehrenhaus, 965 F.2d at 921.

This factor weighs strongly in favor of dismissal.

### C. Plaintiff's Culpability

Plaintiffs' counsel has represented to the court that the reason for his failure to respond to this court's orders was the result of a side effect of his medication. The court, however, finds this excuse lacks credibility and support. Plaintiffs' counsel has consistently represented to defendant, by email and pleadings, and to this court, through his pleadings, that the reason for delay was due to staffing issues. Now, for the first time, plaintiffs' counsel insists that his inability to comply with orders is the result of the side effects of medications. Plaintiffs' counsel has not presented this court with any documentation of this excuse. Moreover, plaintiffs' counsel had difficulty recalling his physicians' names and stumbled with his words while communicating with the court. The court does not find the excuse to be credible.

While the court has not been presented with evidence that plaintiffs are personally responsible, "[t]hose who act through agents are customarily bound by their agents' mistakes." Gripe, 312 F.3d at

1188. "[K]eeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." Id. Accordingly, the court finds that the plaintiffs' counsel's culpability weighs in favor of dismissal.

### D. Warning of Possible Dismissal

Plaintiffs were warned by defendant's filing of its motion to dismiss that dismissal was a possibility. Moreover, the court warned plaintiffs that the case would be dismissed if counsel failed to respond to the court's April 6 order. While plaintiffs were not specifically notified that their refusal to comply with this court's previous discovery orders could result in dismissal, "the continuing nature of [plaintiffs] inexcusable conduct, the extent of the prejudice to defendants, and the interference with the judicial process outweigh the fact that plaintiff was not specifically warned." Schroeder v. Southwest Airlines, 129 Fed. Appx. 481, 485 (10th Cir. Apr. 28, 2005).

### E. Effectiveness of Lesser Sanction

Plaintiffs' counsel has refused without credible explanation to comply with this court's orders to show cause and produce discovery. Defendant's motion to dismiss was fully briefed and the matter set for hearing when plaintiffs' counsel finally submitted documents, which were incomplete and unauthenticated, to defendant by email on the evening of April 16, more than one month after discovery closed and on the eve of the hearing. Plaintiffs' counsel, however, on March 28, misrepresented in a certificate filed in this court that the disclosures and written responses were sent by certified mail on March

-5-

27. (Doc. 32). Plaintiffs' counsel's continuous failures to respond to this court's orders and subsequent misrepresentations to the court have demonstrated that a lesser sanction would not be effective in procuring plaintiffs' participation in the case.

### III. CONCLUSION

Upon consideration of the factors set forth in <u>Gripe</u>, the court concludes that dismissal with prejudice of this action is warranted. However, dismissal shall be stayed until noon, May 12, 2006. If, by that time, new counsel has entered his or her appearance, all outstanding discovery has been properly executed and served and plaintiffs' counsel has paid defendant's counsel's fees and expenses in connection with preparation of docs. 29, 30 and 34, the court will consider withdrawing the order of dismissal, but only after discussing the case with new counsel and counsel for defendant. No requests for an extension of time by plaintiffs will be considered and if the aforesaid conditions are not fully met, a final order of dismissal, with prejudice, will be filed without further notice.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan.

1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

    IT IS SO ORDERED.

    Dated this __20th__ day of April 2006, at Wichita, Kansas.

                                        <u>s/ Monti Belot</u>
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE